## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DAMARIS POTTS,** )
c/o Cornerstone Law Firm )
5821 NW 72nd Street )
Kansas City, MO 64151 )
)
Plaintiff, )
) Case No. _____
v. )
)
**SETH ELLIS CHOCOLATIER, LLC,** )
*Registered Agent:* )                    **REQUEST FOR JURY TRIAL**
SETH ELLIS CHOCOLATIER LLC )
2151 Haskell Ave. )
Lawrence, KS 66046 )
)
Defendant. )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Damaris Potts by and through her attorney, and for her cause of action against Defendant Seth Ellis Chocolatier, LLC, states and alleges as follows:

### Parties and Jurisdiction

1. This is an employment case based upon and arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

2. Plaintiff Damaris Potts (hereinafter "Plaintiff") is a citizen of the United States, domiciled in Lawrence, Douglas County, Kansas.

3. Defendant Seth Ellis Chocolatier, LLC, (hereinafter "Free2b") is a limited liability company organized under the laws of Kansas.

4. Upon information and belief, Plaintiff alleges that at least one member of Free2b is domiciled in Kansas.

5.      Free2b conducts substantial and continuous business in the State of Kansas, specifically through its chocolate manufacturing facility in Lawrence, Douglas County, Kansas.

6.      In each of 20 or more calendar weeks in the current or preceding calendar year, Free2b employed twenty (20) or more employees.

7.      At all relevant times, Free2b was engaged in interstate commerce.

8.      Free2b is an employer within the meaning of the ADEA.

9.      In each of 20 or more calendar weeks in the current or preceding calendar year, Free2b employed fifteen (15) or more employees.

10.     Free2b is an employer within the meaning of Title VII.

11.     In each of 20 or more calendar weeks in the current or preceding calendar year, Free2b employed more than five hundred (500) employees.

12.     In each of 20 or more calendar weeks in the current or preceding calendar year, Free2b employed more than five hundred (100) employees.

13.     Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331 as some or all of Plaintiff's claims arise under the laws of the United States.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

### **Administrative Procedures**

15.     On or about September 19, 2022, Plaintiff timely filed a charge of discrimination, alleging discrimination based on her race, national origin, and age, as well as retaliation, with the United States Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission (attached as Exhibit 1 and incorporated herein by reference).

16.     On or about September 29, 2022, Plaintiff timely filed an amended charge of discrimination with substantially the same allegations as her original charge for the purpose clarifying her age discrimination claim (attached as Exhibit 2 and incorporated herein by reference).

17.     On or about March 28, 2023, the EEOC issued Plaintiff a Notice of Right to Sue with regard to her claims (attached as Exhibit 3 and incorporated herein by reference).

18.     This lawsuit was filed within 90 days of the issuance of the EEOC's Notice of Right to Sue.

19.     The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties, and accordingly, the sweep of the judicial complaint may be and is as broad as the scope of an EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

20.     Plaintiff has satisfied all private administrative and judicial prerequisites and judicial prerequisites to the institution of this action.

21.     This Complaint is filed within the applicable statute of limitations.

### Additional Factual Allegations

22.     Plaintiff began working at Free2b's Lawrence, Kansas, facility on or around March 20, 2022.

23.     Plaintiff is Latina and from El Salvador.

24.     Most of Plaintiff's coworkers at Free2b's Lawrence, Kansas, facility were of Mexican indigenous heritage.

25.     Upon information and belief, Plaintiff alleges that many of her coworkers at Free2b's Lawrence, Kansas, facility were members of the same family.

26.     Most of Plaintiff's coworkers at Free2b's Lawrence, Kansas, facility spoke very little or no English.

27.     Most of Plaintiff's coworkers at Free2b's Lawrence, Kansas, facility spoke Spanish.

28.     In addition to Spanish, most of Plaintiff's coworkers at Free2b's Lawrence, Kansas, facility also spoke a Mexican indigenous language.

29.     Plaintiff does not speak the Mexican indigenous language spoken by her coworkers at Free2b's Lawrence, Kansas, facility.

30.     Plaintiff speaks both Spanish and English.

31.     The Plant Manager at the Lawrence, Kansas, facility ("S.T.") told Plaintiff at the beginning of her employment that Plaintiff had been hired because she was bilingual and could therefore help translate between Free2b's employees and management at the Lawrence, Kansas, facility.

32.     Plaintiff suffered intolerable working conditions at the hands of her coworkers throughout her employment with Free2b.

33.     When Plaintiff was around her coworkers, they would often speak to each in the Mexican indigenous language rather than in Spanish.

34.     Often while speaking in the Mexican indigenous language, they would also point toward Plaintiff and laugh.

35.     At the beginning of her employment with Free2b, Plaintiff's supervisor was part of the Mexican indigenous family that included many of her other coworkers.

36. Plaintiff's coworkers of Mexican indigenous heritage were regularly permitted to speak to each other during work.

37. Although Plaintiff's coworkers were regularly permitted to speak to each other, if Plaintiff tried to join any of their conversations, her supervisor would tell her to "shut up."

38. During Plaintiff's first week of employment with Free2b, her supervisor also tried to convince her that S.T. had told him Plaintiff did not need to come to work.

39. Plaintiff did not believe her supervisor that S.T. had so instructed him to tell her not to come to work.

40. Plaintiff contacted S.T. to inquire whether she had told Plaintiff's supervisor that Plaintiff was not needed.

41. When Plaintiff contacted S.T. to inquire whether she had told Plaintiff's supervisor that Plaintiff was not needed, S.T. confirmed that she had not given Plaintiff's supervisor any such instruction.

42. Free2b demoted Plaintiff's first supervisor because of his false instruction to Plaintiff to not come to work.

43. Free2b replaced Plaintiff's first supervisor with the cousin of Plaintiff's first supervisor's wife.

44. Plaintiff's second supervisor was also of the same Mexican indigenous heritage as Plaintiff's first supervisor and most of her other coworkers.

45. Despite the demotion of Plaintiff's first supervisor, her coworkers' intolerable treatment of her continued.

46. Plaintiff's coworkers often referred to her as "*abuela*," which means "grandma" in Spanish.

47.    Plaintiff was forty-three (43) years old during her employment with Free2b.

48.    Most of Plaintiff's coworkers were in their 20s.

49.    Plaintiff's coworkers often ate their meals potluck-style together.

50.    Plaintiff was never invited to contribute to or share in her coworkers' meals.

51.    On multiple occasions, both before and after her first supervisor was demoted, Plaintiff reported to S.T. that she felt like she was being discriminated against by her coworkers.

52.    After Plaintiff began her coworkers to S.T., not only did the discriminatory conduct continue, but it increased in frequency and severity.

53.    In one instance, as Plaintiff walked past one of her coworkers' potluck-style meals to which she had not been invited, her first supervisor, who had already been demoted, threw a plate of food at Plaintiff, saying S.T. had told him to be nice to Plaintiff.

54.    On or around May 31, 2022, Plaintiff asked her supervisor why all of her coworkers were treating her so poorly.

55.    Plaintiff's supervisor told Plaintiff it was because Plaintiff was "too white."

56.    Plaintiff reported this comment to S.T.

57.    Instead of taking any action against Plaintiff's supervisor or coworker, S.T. told Plaintiff that her supervisor was probably right because Plaintiff was in the United States legally, so she is "able to get a job anywhere."

58.    Approximately one week later, on or about June 8, 2022, Plaintiff told S.T. that she wanted to resign her position with Free2b.

59.    Plaintiff expressly told S.T. that she was leaving because of the age and race/national origin discrimination she was suffering from at the hands of her coworkers.

60.     Plaintiff also told S.T. that she felt like S.T. was not doing enough to curtail her coworkers' behavior.

61.     S.T. did not try to dissuade Plaintiff from resigning or assure Plaintiff that she would take any further action to stop the harassment.

62.     Instead, S.T. instructed Plaintiff to contact one of Free2b's human resources representatives ("L.G.") to process her exit paperwork.

63.     When Plaintiff talked to L.G., she explained why she was leaving, citing the race/national origin and age discrimination to which she was being subjected and S.T.'s failure to provide a remedy.

64.     When Plaintiff told L.G. about the discrimination she was suffering, L.G. told her this was the first she was hearing about Plaintiff's allegations.

65.     L.G. also told Plaintiff not to resign.

66.     L.G. also told Plaintiff that she would conduct an investigation into Plaintiff's allegations.

67.     Later that the same day, S.T contacted Plaintiff to ask Plaintiff why she had discussed her allegations of discrimination with L.G.

68.     S.T. told Plaintiff that she should have instead made her report of discrimination to a different representative for Free2b that worked in New York City.

69.     Plaintiff contacted this representative from New York City shortly after being instructed to do so by S.T.

70.     On Friday, June 10, 2022, two days after making her complaint of race/national origin and age discrimination to S.T. and to two other representatives for Free2b, S.T. called Plaintiff to tell her that Free2b was "really worried" that Plaintiff was going to sue Free2b.

71.    Then, S.T. told Plaintiff, "I know you, I trust you, I know you wouldn't do that to us."

72.    The next day, on Saturday, June 11, 2022, S.T. called Plaintiff and told her not to report to Free2b's chocolate manufacturing facility for her regular shift that coming Monday.

73.    Instead, S.T. told Plaintiff to report to the Hilary's vegan frozen burger production facility in Lawrence.

74.    The Hilary's facility in Lawrence is also owned and operated by Free2b.

75.    S.T. told Plaintiff that she would work an eight (8) hour shift that Monday, starting at 2:30 pm.

76.    However, when Plaintiff arrived at the Hilary's facility on Monday, she learned that everyone else started their shift at 1:30 pm.

77.    At 4:30 pm that Monday, S.T. told Plaintiff that her shift was over.

78.    S.T. also told Plaintiff that her shift would be from 2:30 pm to 4:30 pm—two hours per day—moving forward.

79.    This was a substantial cut from Plaintiff's hours at the chocolate manufacturing facility, where she regularly worked forty (40) hours per week.

80.    On the following day, June 14, 2022, Plaintiff arrived at work at the Hilary's facility at 1:30 pm, the time when all of the other employees on that shift arrived.

81.    After Plaintiff had only worked a few hours, S.T. again told Plaintiff that she had to go home early.

82.    Plaintiff refused to leave work early and worked a full eight- (8-) hour shift.

83.    At the end of the workday on June 14, S.T. told Plaintiff that she had two options: either work two hours per day in the processing area of the Hilary's facility or work forty (40) hours per week doing the laundry for her coworkers.

84.    Plaintiff had never been required to work in laundry at the chocolate manufacturing facility.

85.    On the same day S.T. presented Plaintiff with her two options, Plaintiff resigned her employment.

86.    Before resigning her employment, beyond the demotion of her first supervisor, Plaintiff saw no evidence that any of her coworkers were given any meaningful discipline for the way they treated her.

## COUNT I
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Race Discrimination – Hostile Work Environment

87.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

88.    Plaintiff is Latina and therefore a member of a protected class based on her race.

89.    Throughout Plaintiff's employment, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on her race.

90.    The unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

   a.    Falsely telling Plaintiff that she did not need to come into work;

   b.    Excluding Plaintiff from conversations and other employee gatherings;

   c.    Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar;

   d.    Throwing a plate of food at Plaintiff; and

e. Telling Plaintiff that she was "too white."

91. The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a racial nature.

92. The racial harassment to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

93. The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

94. The conduct described herein would have detrimentally affected a reasonable person of the same race in Plaintiff's position.

95. Due to the severe and pervasive racial harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

96. Plaintiff's race was a motivating or determining factor in the harassment to which she was subjected.

97. Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

98. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

99. Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

100.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

101.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her race, in violation of Title VII.

102.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

103.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

104.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

105.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

106.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-

judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### National Origin Discrimination – Hostile Work Environment

107.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

108.    Plaintiff is from El Salvador and therefore a member of a protected class based on her national origin.

109.    Throughout Plaintiff's employment, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on her national origin.

110.    The unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

  a.    Falsely telling Plaintiff that she did not need to come into work;

  b.    Excluding Plaintiff from conversations and other employee gatherings;

  c.    Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar;

  d.    Throwing a plate of food at Plaintiff; and

  e.    Telling Plaintiff that she was "too white."

111.    The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a discriminatory nature.

112.    The harassment to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

113. The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

114. The conduct described herein would have detrimentally affected a reasonable person of the same national origin in Plaintiff's position.

115. Due to the severe and pervasive harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

116. Plaintiff's national origin was a motivating or determining factor in the harassment to which she was subjected.

117. Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

118. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

119. Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

120. Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

121. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her national origin, in violation of Title VII.

122.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

123.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

124.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

125.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

126.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

<u>**COUNT III**</u>
**Violation under 42 U.S.C. §§ 2000e *et seq.***
**Retaliation – Hostile Work Environment**

127.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

128.    Plaintiff engaged in a protected activity under Title VII by making good faith reports of race and/or national origin discrimination.

129.    After Plaintiff began making good faith reports of race and/or national origin discrimination, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on such reports.

130.    The increased unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

      a.    Excluding Plaintiff from conversations and other employee gatherings;

      b.    Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar; and

      c.    Throwing a plate of food at Plaintiff.

131.    The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a retaliatory nature.

132.    The retaliation to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

133.    The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

134.    The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

135.    Due to the severe and pervasive harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

136.    Plaintiff's good faith reports of race and/or national origin discrimination were at least a determining factor in the harassment to which she was subjected.

137.    Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

138.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

139.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

140.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

141.    As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Free2b, based on her good faith reports of discrimination, in violation of Title VII.

142.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

143.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

144.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

145.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

146.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Race Discrimination – Constructive Discharge

147.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

148.    Plaintiff is Latina and therefore a member of a protected class based on her race.

149.   Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

150.   Plaintiff's race was a motivating or determining factor for the intolerable treatment to which Plaintiff was subjected.

151.   Free2b's conduct was directed toward forcing Plaintiff to quit.

152.   Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

153.   Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

154.   The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

155.   At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

156.   Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

157.   Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

158.   As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her race, in violation of Title VII.

159.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

160.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

161.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

162.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

163.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### National Origin – Constructive Discharge

164.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

165.    Plaintiff is from El Salvador and therefore a member of a protected class based on her national origin.

166.    Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

167.    Plaintiff's national origin was a motivating or determining factor for the intolerable treatment to which Plaintiff was subjected.

168.    Free2b's conduct was directed toward forcing Plaintiff to quit.

169.    Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

170.    Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

171.    The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

172.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

173.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

174.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

175.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her national origin, in violation of Title VII.

176.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

177.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

178.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

179.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

180.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-

judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VI
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Retaliation – Constructive Discharge

181.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

182.    Plaintiff engaged in a protected activity under Title VII by making good faith reports of race and/or national origin discrimination.

183.    Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

184.    Plaintiff's good faith reports of discrimination were a determining factor for the intolerable treatment to which Plaintiff was subjected.

185.    Free2b's conduct was directed toward forcing Plaintiff to quit.

186.    Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

187.    Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

188.    The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

189.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

190.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

191.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

192.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her protected activities, in violation of Title VII.

193.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

194.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

195.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

196.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

197.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional

distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT VII
**Violation under 42 U.S.C. § 1981**
**Race Discrimination – Hostile Work Environment**

198.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

199.    Plaintiff is Latina and therefore a member of a protected class based on her race.

200.    Throughout Plaintiff's employment, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on her race.

201.    The unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

    a.    Falsely telling Plaintiff that she did not need to come into work;

    b.    Excluding Plaintiff from conversations and other employee gatherings;

    c.    Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar;

    d.    Throwing a plate of food at Plaintiff; and

    e.    Telling Plaintiff that she was "too white."

202.    The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a racial nature.

203.    The racial harassment to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

204.    The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

205.    The conduct described herein would have detrimentally affected a reasonable person of the same race in Plaintiff's position.

206.    Due to the severe and pervasive racial harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

207.    Plaintiff's race was a motivating or determining factor in the harassment to which she was subjected.

208.    Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

209.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

210.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

211.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

212.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her race, in violation of 42 U.S.C. § 1981.

213. As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

214. As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

215. By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

216. Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

217. Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VIII
### Violation under 42 U.S.C. § 1981
### Retaliation – Hostile Work Environment

218.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

219.    Plaintiff engaged in a protected activity under 42 U.S.C. § 1981 by making good faith reports of race discrimination.

220.    After Plaintiff began making good faith reports of race discrimination, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on such reports.

221.    The increased unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

a.    Excluding Plaintiff from conversations and other employee gatherings;

b.    Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar; and

c.    Throwing a plate of food at Plaintiff.

222.    The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a retaliatory nature.

223.    The retaliation to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

224.    The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

225.    The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

226.    Due to the severe and pervasive harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

227.    Plaintiff's good faith reports of race discrimination were at least a determining factor in the harassment to which she was subjected.

228.    Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

229.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

230.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

231.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

232.    As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Free2b, based on her good faith reports of discrimination, in violation of 42 U.S.C. § 1981.

233.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

234.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

235.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

236.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

237.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

<u>**COUNT IX**</u>
**Violation under 42 U.S.C. § 1981**
**Race Discrimination – Constructive Discharge**

238.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

239.    Plaintiff is Latina and therefore a member of a protected class based on her race.

240.    Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

241.    Plaintiff's race was a motivating or determining factor for the intolerable treatment to which Plaintiff was subjected.

242.   Free2b's conduct was directed toward forcing Plaintiff to quit.

243.   Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

244.   Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

245.   The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

246.   At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

247.   Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

248.   Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

249.   As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her race, in violation of 42 U.S.C. § 1981.

250.   As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

251.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

252.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

253.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

254.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT X
### Violation under 42 U.S.C. § 1981
### Retaliation – Constructive Discharge

255.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

256.     Plaintiff engaged in a protected activity under 42 U.S.C. § 1981 by making good faith reports of race discrimination.

257.     Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

258.     Plaintiff's good faith reports of discrimination were a determining factor for the intolerable treatment to which Plaintiff was subjected.

259.     Free2b's conduct was directed toward forcing Plaintiff to quit.

260.     Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

261.     Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

262.     The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

263.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

264.     Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

265.     Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

266.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her protected activities, in violation of 42 U.S.C. § 1981.

267.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

268.    As a further direct and proximate result of Free2b's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

269.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

270.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Free2b or to deter it and other companies from like conduct in the future.

271.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XI
### Violation under 29 U.S.C. §§ 621 *et seq.*
### Age Discrimination – Hostile Work Environment

272.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

273.    Plaintiff is over the age of forty (40) and therefore a member of a protected class based on her age.

274.    Throughout Plaintiff's employment, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on her age.

275.    The unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

     a.   Falsely telling Plaintiff that she did not need to come into work;

     b.   Excluding Plaintiff from conversations and other employee gatherings;

     c.   Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar;

     d.   Throwing a plate of food at Plaintiff; and

     e.   Calling Plaintiff "abuela."

276.    The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct.

277.    The harassment to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

278.    The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

279.    The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

280.    Due to the severe and pervasive harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

281.    Plaintiff's age was a motivating or determining factor in the harassment to which she was subjected.

282.    Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

283.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

284.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

285.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADEA.

286.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her age, in violation of the ADEA.

287.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

288.     By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

289.     Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of liquidated damages in an amount equal to her lost wages and lost benefits.

290.     Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in the ADEA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XII
### Violation under 29 U.S.C. §§ 621 *et seq.*
### Retaliation – Hostile Work Environment

291.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

292.     Plaintiff engaged in a protected activity under the ADEA by making good faith reports of age discrimination.

293.     After Plaintiff began making good faith reports of rage discrimination, Free2b subjected Plaintiff to severe, pervasive, and unwelcome harassment based on such reports.

294.    The increased unwelcome, offensive conducted engaged in by Plaintiff's coworkers includes but is not limited to the following:

  a.   Falsely telling Plaintiff that she did not need to come into work;

  b.   Excluding Plaintiff from conversations and other employee gatherings;

  c.   Mocking Plaintiff in a Mexican indigenous language with which Plaintiff was unfamiliar;

  d.   Throwing a plate of food at Plaintiff; and

  e.   Calling Plaintiff "abuela."

295.    The actions and conduct of the above-described perpetrator(s), as set forth herein, constituted unwelcome conduct of a retaliatory nature.

296.    The retaliation to which Plaintiff was subjected affected a term, condition, or privilege of her employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with her ability to perform the functions of her employment.

297.    The actions and conduct of the above-described perpetrator(s), as set forth herein, created an abusive, hostile, offensive, and intimidating work environment which detrimentally affected Plaintiff.

298.    The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

299.    Due to the severe and pervasive harassment to which Plaintiff was subjected, her working environment was so intimidating, hostile, and offensive that she was forced to resign her employment with Free2b.

300.    Plaintiff's good faith reports of age discrimination were at least a determining factor in the harassment to which she was subjected.

301.    Free2b knew or should have known of the hostile work environment to which Plaintiff was subjected but failed to exercise reasonable care to prevent and promptly correct it.

302.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

303.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

304.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADEA.

305.    As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Free2b, based on her good faith reports of discrimination, in violation of the ADEA.

306.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

307.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

308.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of liquidated damages in an amount equal to her lost wages and lost benefits.

309.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in the ADEA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XIII
### Violation under 29 U.S.C. §§ 621 *et seq.*
### Age Discrimination – Constructive Discharge

310.   Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

311.   Plaintiff is over the age of forty (40) and therefore a member of a protected class based on her age.

312.   Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

313.   Plaintiff's age was a motivating or determining factor for the intolerable treatment to which Plaintiff was subjected.

314.   Free2b's conduct was directed toward forcing Plaintiff to quit.

315.   Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

316.   Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

317.   The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

318.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

319.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

320.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADEA.

321.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Free2b, based on her age, in violation of the ADEA.

322.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

323.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

324.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of liquidated damages in an amount equal to her lost wages and lost benefits.

325.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in the ADEA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost

benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT XIV**
**Violation under 29 U.S.C. §§ 621 *et seq.***
**Retaliation – Constructive Discharge**

326.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

327.    Plaintiff engaged in a protected activity under the ADEA by making good faith reports of age discrimination.

328.    Free2b subjected Plaintiff to treatment that made Plaintiff's work intolerable.

329.    Plaintiff's good faith reports of age discrimination were a determining factor for the intolerable treatment to which Plaintiff was subjected.

330.    Free2b's conduct was directed toward forcing Plaintiff to quit.

331.    Free2b failed to take prompt and remedial action to correct the harassment to which Plaintiff was subjected.

332.    Plaintiff's decision to terminate her employment was a reasonably foreseeable consequence of Free2b's conduct.

333.    The conduct to which Free2b subjected Plaintiff was such that a reasonable person in her situation would find it intolerable and find that resignation was the only reasonable alternative.

334.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Free2b, and were at all such times acting within the

scope and course of their agency and employment, and/or their actions were expressly authorized by Free2b, thus making Free2b liable for said actions under the doctrine of *respondeat superior*.

335.    Free2b failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

336.    Free2b failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADEA.

337.    As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Free2b, based on her good faith reports of discrimination, in violation of the ADEA.

338.    As a direct and proximate result of Free2b's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

339.    By failing to take prompt and effective remedial action, Free2b in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

340.    Free2b's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus justifying an award of liquidated damages in an amount equal to her lost wages and lost benefits.

341.    Plaintiff is entitled to recover reasonable attorneys' fees from Free2b as provided for in the ADEA.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Free2b for economic damages, including, but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-

judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: _/s/ Joshua P. Wunderlich_____
Joshua P. Wunderlich D. Kan. #78506
j.wunderlich@cornerstonefirm.com
5821 NW 72nd St.
Kansas City, Missouri 64151
Telephone         (816) 581-4040
Facsimile          (816) 741-8889

ATTORNEYS FOR PLAINTIFF